[1] Reported in 292 N.W. 95.
This case, like that of Kalscheuer v. the same estate,207 Minn. 437, 292 N.W. 96, No. 32,283, arose out of a claim for services rendered by Sidmore to May Cooke and her husband during the last six years of her life. The claim was for $5,400 and was wholly disallowed by the probate court. On appeal to the district court the case was tried to the jury, resulting in a verdict for $1,600 in favor of the claimant. The case comes here upon an *Page 453 
appeal by the executor and residuary legatees from an order denying their motion for a new trial. The appellants claim that the verdict is excessive and not justified by the evidence and that the court erred in its charge to the jury.
Reference is made to the opinion in the Kalscheuer case for the general facts relative to the Cooke estate. It seems that Sidmore, while a young man, lived as a member of the Cooke family until January 1, 1930, when he was married. While he so lived in the family he paid no board but performed some minor services around the house. Evidently he was treated as one of the family. In September of 1930 the Cookes bought a house and lot on Merrill avenue in St. Paul which they immediately sold to the Sidmores for $1,250 on a contract for deed calling for monthly payments of $15. At the time of Mrs. Cooke's death there was a balance due on the contract of $475.
Sidmore claims that between September 9, 1931, and September 9, 1937, he performed various services for the Cookes, driving their car for them on shopping trips and occasionally to their former home in South Dakota. He did some odd jobs around the house. On two occasions he and his wife moved into the Cooke home for a period of about eight weeks and took care of Mrs. Cooke while she was sick. For these services he asked $75 per month for the six-year period. He offers as evidence declarations by both the Cookes that they intended to compensate for what he had done. Kalscheuer testified that the Cookes had told him that for what Sidmore had done they intended to leave him the house and household goods at 1015 Van Slyke avenue and to cancel whatever balance was due on the contract for deed. This was to be in payment for what he had done. Mrs. Sidmore testified that Mrs. Cooke said that certain stock was to go to the Sidmores, when she was through with it, in compensation for their services. On another occasion Mrs. Cooke said: "We are not going to pay you now for what you have done for us, but when we are through with it you are going to be well paid." And again the remark was made: "For what the Sidmores had done for them." During his lifetime Mr. Cooke made the statement that *Page 454 
their estate would go to the survivor, and at the time of the death of the survivor he (referring to Sidmore) would be well paid for all that he had done for them. Mrs. Cooke bequeathed to Arnold Sidmore the property which they had theretofore sold to him under contract for deed, also providing that he should make no further payments under the contract. She also bequeathed him $1,000. In commenting upon the bequest in her will she said: "Arnold Sidmore lived with my husband and myself for a period of over ten years and performed many valuable and useful services for us without compensation."
1. We think the evidence in this record is conclusive that the parties agreed that Sidmore's services were to be compensated for by a testamentary disposition and that therefore, under the rules laid down in the Kalscheuer case, the estate was entitled as a matter of law to a credit on the claim made by Sidmore of the amount of the legacy. The trial court should have so charged the jury.
2. It is also quite clear on this record that no verdict could be sustained in excess of the legacy.
The appellants' motion in the trial court was for a new trial. The order denying it must be reversed.
Reversed.