## IN RE ESTATE OF MAY COOKE.
## ARNOLD L. SIDMORE v. CLAUDE H. ALLEN AND OTHERS.[1]

June 6, 1941.

No. 32,862.

*Kyle & Kyle* and *Claude H. Allen,* for appellants.
*Kennedy & Kennedy,* for respondent.

HOLT, JUSTICE.

The nature of this litigation is fully stated in the former appeal. In re Estate of Cooke, 207 Minn. 452, 292 N. W. 95. Refer-

[1]Reported in 298 N. W. 572.

ence was therein made to the Kalscheuer case, 207 Minn. 437, 292 N. W. 96, and it was held that upon the record then before us no verdict in excess of the legacy could be sustained. The verdict in the former trial was for $1,600. The verdict now rendered is for $2,150.

The record of the present appeal indicates an earnest effort on the part of both court and counsel to obtain a verdict free from error. In preparation for this trial, respondent endeavored to estimate the actual hours he had spent during the six years preceding Mrs. Cooke's death in working for the Cookes, and concluded that he had so worked for 5,500 hours. And he also testified that his work was reasonably worth 90 cents an hour. He was an electrician, and when working at his trade earned from $.90 to $1.35 an hour. He had not kept any book account or memorandum of his work for the Cookes. So there is no possibility now of determining with any degree of accuracy the number of hours actually spent. He lived over a mile from the Cookes, and of course had to spend time in walking back and forth when called by them to drive their car or perform the various chores he was summoned to perform. Unless we assume that respondent is wholly unworthy of belief, it cannot be said that there is not sufficient evidence to sustain the verdict. There was no testimony offered to dispute the time he devoted to the Cookes.

At the trial of this case, as in the Kalscheuer case, appellants objected to the introduction of any evidence as to the promise to compensate for the services rendered Mr. Cooke or at his request, on the ground that the claim filed in the probate court was only against the estate of May Cooke, and that, on appeal, the district court could not try any different claim than was tried or pleaded in the probate court. The objection was overruled. We think rightly. The Cookes held all their property so that it would go to the survivor, and compensation was to come from the estate of the survivor.

Nothing of value would be gained by discussing how respondent drove the Cooke car, took care of it, or how long it took him at

the various chores he was called on to perform. It is readily seen that the jury discounted the value and time respondent placed on his services. But, even so, there is nothing in this record authorizing this court to hold that the verdict is excessive or not supported by sufficient evidence.

The order is affirmed.

MR. CHIEF JUSTICE GALLAGHER, being engaged on the pardon board, took no part in the consideration or decision of this case.

MR. JUSTICE STONE took no part.